UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MCGEE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOY, et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-09094-NC<br><br>**ORDER DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE TO PROSECUTE UNDER FEDERAL RULE OF CIVIL PROCEDURE 41(b)** |

On July 10, 2024, Plaintiff Anthony McGee failed to attend a third consecutive case management conference in this matter. McGee alleges the Defendants, two Palo Alto police officers, violated his constitutional rights. Despite numerous prompts by the Court and warnings of potential consequences, McGee has not appeared or otherwise participated in this matter since January 31, 2024. At the July 10 conference, Defendants orally moved for involuntary dismissal under Federal Rule of Civil Procedure 41 for failure to prosecute. Because McGee's complete nonparticipation has halted all progress in this matter, the Court grants the motion and DISMISSES McGee's claims with prejudice.

**I.   BACKGROUND**

*Pro se* Plaintiff Anthony McGee filed a complaint on December 23, 2023, along with an *in forma pauperis* application to waive his filing fee. ECF 1, 2. McGee brought claims under 42 U.S.C. § 1983 against the Palo Alto Police Department and Officers Joy and Paneda for alleged violations of his constitutional rights. ECF 1. He added the City of

Palo Alto in a later amendment. *See* ECF 34.

Because McGee sought a filing fee waiver, the Court screened his complaint under 28 U.S.C. § 1915. *See* ECF 10, 31, 35. In its final screening order, ECF 35, the Court dismissed with prejudice the City of Palo Alto and Palo Alto Police Department, and allowed McGee's constitutional claims against Joy and Paneda to proceed. ECF 35.

Both parties appeared at a case management conference on June 21, 2023, to discuss whether the case should be stayed pending the conclusion of McGee's criminal case before Senior District Court Judge Ed Chen, *United States v. McGee*, N.D. Cal. Case No. 12-cr-52 EMC. *See* ECF 41, 42. The Court temporarily stayed the case pending the conclusion of supervised release proceedings in McGee's criminal matter. ECF 42.

Since June 21, 2023, the Court conducted three case management conferences. *See* ECF 57 (February 7, 2024), 61 (June 12, 2024), 65 (July 10, 2024). McGee failed to appear each time. *See* ECF 57, 61, 65. He also failed to file a case management statement before the June 12 or July 10 conferences. *See* ECF 61, 65.

During this same period, McGee improperly contacted the Court *ex parte* twice, on January 31 and June 13, 2024. *See* ECF 55, 62. Each time the Court warned McGee against *ex parte* communication and instructed him on how to appropriately communicate with the Court.

At the case management conference on July 10, 2024, Defendants orally moved for involuntary dismissal under Federal Rule of Civil Procedure 41(b). The Court GRANTED the motion for the reasons articulated below.

## II. LEGAL STANDARD

Under Rule 41, "[i]f the plaintiff fails to prosecute or to comply with [the rules of civil procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Unless the dismissal order states otherwise, [this] dismissal . . . operates as an adjudication on the merits." *Id.* Courts deciding whether to involuntary dismiss a plaintiff's case must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk

1  of prejudice to the defendants; (4) the public policy favoring disposition of cases on their
2  merits and (5) the availability of less drastic sanctions." *Thompson v. Hous. Auth. of City*
3  *of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). Before dismissing, Courts should
4  "warn the plaintiff that dismissal is imminent." *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th
5  Cir. 1992).

### III. DISCUSSION

Here, all five *Thompson* factors favor dismissal. *See Thompson*, 782 F.2d at 831.

**Expeditious Resolution of Litigation and Docket Management.** McGee's failure to prosecute this case prevents the expeditious resolution of this matter. McGee did not appear at three straight case management conferences. *See* ECF 57, 61, 65. He did not file case management statements for the later two of those conferences. From January 31, 2024, until now, McGee has not appeared or participated other than by sending improper *ex parte* communication that the Court warned him against.

Additionally, rather than spending time moving this or other matters forward, the Court and counsel for the Defendants have wasted time scheduling case management conferences and then speaking into an empty phone line to see if McGee has appeared. In sum, McGee's complete nonparticipation not just slowed the resolution of this matter; it stopped it completely.

**Risk of Prejudice.** Here, there is no question of *risk* of prejudice. Rather, McGee's failure to prosecute has already prejudiced Defendants, and additional attempts to engage him in the process would likely prejudice them further. While McGee ghosted them, Defendants prepared for and appeared three times for case management conferences. Defendants are unlikely to ever recover these wasted costs because of the narrow opportunities for Defendants to recover in 42 U.S.C. § 1983 actions. *Alaska Right to Life Pol. Action Comm. v. Feldman*, 504 F.3d 840, 852 (9th Cir. 2007) ("A prevailing defendant may recover attorneys' fees when a § 1983 plaintiff's claims are 'groundless, without foundation, frivolous, or unreasonable.'"). And, realistically, recovery is also unlikely because McGee proceeds *in forma pauperis*.

3

In addition to the prejudice to the Defendants, there is no indication McGee's failure to prosecute is due to excusable neglect. McGee understands how to file with the Court. For example, before the Court even finished screening his complaint, McGee filed multiple dispositive motions. *See* ECF 26, 33. And McGee initially responded to Court orders, such as by filing an amended complaint after the Court's screening orders. *See* ECF 14, 34. His compliance indicates receipt of Court orders and the ability to respond accordingly. McGee also attended the first case management conference in this matter on June 21, 2023, demonstrating he understood when the conference was and how to access the Court's conference phone line. *See* ECF 42.

Though McGee filed a notice of change of address after the June 21, 2023, conference, his conduct shows he continued to receive notice of Court proceedings. McGee communicated with the Court *ex parte* on January 31 and June 13, 2024. *See* ECF 55, 62. Additionally, McGee participated in a joint case management statement before the February 7, 2024 conference. *See* ECF 54. McGee did not show "no sign of life at all." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 757 (9th Cir. 2002) (Kozinski, J., dissenting). On the contrary, McGee showed he was still aware of his case and its calendar and did not participate.

**Adjudication on the Merits.** Here, McGee's nonparticipation prevents adjudicating this matter on the merits. Certainly, the Court would prefer for this case to proceed to an eventual decision on the merits. With that goal in mind, the Court repeatedly warned McGee about his nonparticipation and gave him ample opportunities to engage with the judicial process. *See* ECF 58, 60. McGee did not engage, barring the Court and the Defendants from pursuing a decision on the merits of this case.

**Less Drastic Sanctions.** Before considering dismissal, the Court employed the less drastic sanctions available to it. The Court repeatedly warned McGee that not appearing or prosecuting this matter could result in dismissal. After his first nonappearance, the Court "cautioned that if he fails to prosecute this case, including by again failing to appear at a case management conference, the Court may dismiss his case, enter Judgment against him,

4

and award costs to the defendants." ECF 58 at 1–2.  After he again failed to appear, the Court warned that "[i]f McGee fails to prosecute this case or fails to comply with the Court's order, the defendants may move for involuntary dismissal of this case under Federal Rule of Civil Procedure 41(b)."  ECF 60.  These warnings gave McGee fair notice of this potential outcome.  *See Oliva*, 958 F.2d at 274.  They also operated as less drastic sanctions that McGee, unfortunately, failed to heed.  *See Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990) ("The district judge had several alternatives [to dismissal] available to him, including warnings about possible dismissal . . . .").  Because McGee is *pro se* and proceeding *in forma pauperis*, other sanctions such as "a fine, the imposition of costs or attorney fees, [or] the temporary suspension . . . from practice before the court" were impractical or inapplicable.  *See id*.

## IV.  CONCLUSION

Because Plaintiff Anthony McGee failed to prosecute this case, the Court DISMISSES his claims with prejudice under Rule 41 of the Federal Rules of Civil Procedure.  This decision is an adjudication on the merits.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Dated: July 10, 2024

_____
NATHANAEL M. COUSINS
United States Magistrate Judge